## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In the Matter of the Complaint** ) | |
| ) | |
| **of** ) | |
| ) | **Civil Action** |
| ) | **IN ADMIRALTY** |
| ) | |
| **JENNIFER SAGER as Owner of the 33'** ) | |
| **CARVER, Her Engines, Machinery, Tackle,** ) | |
| **Apparel, Appurtenances, etc., for Exoneration** ) | |
| **From, or Limitation of, Liability, Civil and** ) | |
| **Maritime,** ) | |
| ) | |
| **Petitioner** ) | |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

The petitioner, Jennifer Sager, by her attorneys Holbrook & Murphy, for her complaint

seeking exoneration from or limitation of liability, pursuant of 46 U.S.C § § 30501 [et seq.] and

Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture of the

Federal Rules of Civil Procedure, alleges upon information and belief as follows:

1.  This is a case of admiralty and maritime jurisdiction, as hereafter more fully appears, and

    is an admiralty and maritime claim within meaning of Rule 9(h) of the Federal Rules of

    Civil Procedure, and the Supplemental Rules for Admiralty and Maritime Claims and

    Asset Forfeiture of Civil Procedure.

2.  Jennifer Sager (the "Petitioner") is a resident of the Commonwealth of Massachusetts, and was at all pertinent times, an individual residing at 28 Constitution Road, Charlestown, MA 02129.

3.  At all relevant times, the Petitioner was the owner of the 33' Carver, her engines, machinery, tackle, apparel, appurtenances, etc (the "Vessel").

4.  At all relevant times, the Vessel was tied up at its slip, at "T-Dock" at the Constitution Marina in Charlestown, Massachusetts.

5.  The Vessel was connected to shore power.

6.  On or about the evening of January 8, 2019 the Petitioner was sleeping aboard the 33' Carver vessel.

7.  On or about the evening of January 8, 2019, the Petitioner awoke to the smell of smoke.

8.  The Petitioner then exited the vessel, by which time, the vessel was engulfed in flames.

9.  As a result of the fire, the Petitioner's vessel was completely destroyed, and has a post-casualty value of $0.00, as stated in the Valuation Opinion, filed in this limitation action.

10. No suits, to Petitioner's knowledge, have to date been brought for loss or damage resulting from the aforesaid casualty. The Petitioner has received claims from various other vessel owners and entities seeking damages allegedly caused by the fire.

11. This Complaint is filed within six (6) months after the loss of the Vessel and thus within six (6) months of receipt of any claim, pursuant to Rule F(1) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure.

12. The Petitioner claims exoneration from liability for any and all losses, damages, or injuries sustained during the collision aforesaid and from any and all claims for damages that have been or may hereafter be made, and the Petitioner alleges that he has valid defenses thereto on the facts and the law.

13. The Petitioner further claims the benefits of limitation of liability provided by 46 U.S.C. §§ 30501 [et seq.], Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure and the various statutes supplementary thereto and amendatory thereof.

14. The Petitioner further claims the benefit of an injunction under Rule F(3) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, enjoining the further prosecution or commencement of any action or proceeding against the Petitioner, his vessel, agents or property with respect to any claim subject to exoneration or limitation in this action.

15. Venue is proper in this district pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure; the Vessel has not been attached, or arrested, the owner has not yet been sued and what remains of the Vessel is within this geographical district of this United States District Court for the District of Massachusetts.

**WHEREFORE**, the Petitioner, Jennifer Sager prays:

a) That this court issue an Order, as provided in Rule F(1), approving the Petitioner's Valuation Opinion, as filed with this court;

b) That this court approve Petitioner's Stipulation for Costs of $250.00 as sufficient security for costs;

c) That this court issue an Order enjoining further prosecution of any an all actions, suits, or proceedings already commenced as well as the commencement or prosecution of any and all future actions, suits, or proceedings, of any nature or description whatsoever in any jurisdiction, against Petitioner, the Vessel, the agents, representatives, employees or insurers of Petitioner, and/or against any property of Petitioner except in this action, to recover damages for or with respect to injury, death, casualty, loss and damages caused, done, occasioned, or incurred on the voyage described in the Complaint;

d) That this court in this proceeding adjudge that Petitioner is not liable and is exonerated with respect to any and all injury, loss, damage, or destruction caused by or resulting from the casualty, or with respect to injury, death, loss, and damage done, occasioned, or incurred on the voyage described in the Complaint, and that, in the alternative, if Petitioner shall be adjudged liable, that such liability be limited to the amount or value of the Petitioner's interest in the Vessel at the end of the voyage described in the Complaint and the Valuation Opinion, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, be divided pro rata according to the above mentioned statues among such claimants in accordance with the provisions of the Order hereinabove prayed for, saving to each any priority to which he or she may be legally entitled, and that a decree may be entered, discharging Petitioner and the Vessel from all further liability; and,

e) That the Petitioner may have such other or further relief as the justice of the cause may require.

The Petitioner,
By her attorney,


/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
P: 617-428-1151
F: 617-428-6919
E: sholbrook@holbrookmurphy.com