UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In the Matter of the Complaint ) | |
| ) | |
| Of ) | |
| ) | |
| JENNIFER SAGER, as Owner of the 33' ) | Civil No. 19-10424-LTS |
| Carver, Her Engines, Machinery Tackle, ) | IN ADMIRALITY |
| Apparel, Appurtenances, etc., ) | |
| for Exoneration From, or Limitation of, ) | |
| Liability, Civil, and Maritime ) | |
| ) | |
| ) | |

ORDER ON SEA TOW'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 34)

October 30, 2020

SOROKIN, J.

In a Motion for Summary Judgment, Claimant Winthrop Towing and Salvage, Inc. d/b/a Sea Tow Boston ("Sea Tow") requests the Court lift the stay so as to permit it to pursue a contractual arbitration claim against Petitioner Jennifer Sager. Sea Tow bears the burden on its motion to establish that the undisputed facts even with all reasonable inferences drawn in favor of the non-moving party entitle it to summary judgment. Sea Tow has not met this burden. Whether Sea Tow entered into a binding enforceable contract with Sager presents disputed issues of material fact. Specifically, evidence suggests Sea Tow may have previously formed a contract with the Constitution Marina to perform the same work, see Doc. No. 35-2, in which case the contract appears to fail for lack of consideration. See, e.g., In re Lloyd, Carr & Co., 617 F.2d 882, 890 (1st Cir. 1980). In addition, on the record before the Court, the contract does not define the amount or terms of determining the payment due, plainly a material term necessary for the formation of a binding contract. Doc. No. 35 at 4–5; Doc. No. 35-3. See Sands v. Ridefilm Corp.,

2

212 F.3d 657, 661 (1st Cir. 2000) ("to create an enforceable contract, there must be agreement between the parties on the material terms . . . [i]t is essential to the existence of a contract that its nature and the extent of its obligations be certain") (internal citations omitted).

Accordingly, the Motion for Summary Judgment (Doc. No. 34) is DENIED because Sea Tow has failed to establish the formation of a binding contract, the necessary precondition to ordering arbitration pursuant to the contract.

SO ORDERED.

 /s/ Leo T. Sorokin            
Leo T. Sorokin
United States District Judge